ELY *v.* BRITTON *et al.*

*(City Court of New York, General Term.* June 19, 1891.)

USURY—EVIDENCE—DISCOUNTING NOTES.

In an action on a promissory note defendant alleged that he was an accommodation indorser, and that the note was usurious. Plaintiff testified as a witness for defendant, that G., the maker of the notes, wishing to borrow money, offered to give plaintiff his note for $100 indorsed by defendant in return for $90 cash, and that after the arrangement was made G. bought the $100 note so indorsed, and he (plaintiff) advanced $90 on it. *Held* that, since the note was accommodation paper and had no inception until its delivery to plaintiff, it was a question of fact whether the usurious agreement was in fact made, and it was error for the court to direct a verdict for plaintiff.

Appeal from trial term.

Action by George P. Ely against Reuben A. Britton, impleaded with John C. Griger. A verdict was directed for plaintiff, and defendant Britton appeals.

Argued before EHRLICH, C. J., and McGOWN and McCARTHY, JJ.

*George W. Miller,* for appellant. *Purdy Van Vliet,* for respondent.

McGOWN, J. This action was brought to recover the amount of three promissory notes for $100 each, made by defendant John C. Griger to his own order and indorsed by the defendant Britton, and sold and delivered to the plaintiff before maturity. The defendant Britton appeared, and in his answer admits the making of the notes and his indorsement of the same, and alleges that the notes were delivered by the maker, Griger, to the plaintiff upon a usurious agreement made before the notes were made or had any inception,—that plaintiff should loan to the defendant Griger the sum of $300 upon said notes, and should receive the sum of $10 on each of said notes, a greater sum than at the rate of 6 per cent. per annum for the loan of each $100. After the closing of the testimony, plaintiff's counsel asked for a direction of a verdict in favor of the plaintiff. Defendant's counsel asked to go to the jury upon the question of what agreement was made between plaintiff and the defendant Griger, and as to whether it was an agreement to loan money at a usurious rate. The court directed a verdict in favor of the plaintiff for the amount of the notes and interest, to which direction defendant excepted. The affirmative was conceded to be with the defendant, and plaintiff was called as a witness on the part of the defendant, and testified in substance that Griger, the maker of the notes, wanted to borrow money of him, and told him that defendant Britton was good, and that he, Griger, would give plaintiff $10 a hundred for the accommodation; that he would give his notes indorsed by Britton for $100 in return for $90 cash; and that he took the notes on that agreement, and gave the money to Griger and not to Britton; and that this agreement was made before he bought the notes indorsed by Britton; and that the same arrangement was made in regard to the third note. The defendant Griger was also examined on the part of Britton as to the agreement made when the loan was made. The plaintiff, as appears from his own testimony, knew at the time the loan was agreed upon that Britton, the indorser, was only an accommodation indorser; and the notes had no inception until delivered to plaintiff under the alleged usurious agreement. After the testimony had closed, plaintiff's counsel asked that the court direct a verdict

in favor of the plaintiff. Defendant's counsel objected to such direction. "*The Court.* A verdict will have to be directed. *Defendant's Counsel.* I ask now to go to the jury upon the question of what that agreement was, and as to whether it was an agreement to loan money at a usurious rate. (Denied. Exception.) *The Court.* A verdict will be directed for the plaintiff, for the reason that the evidence of the defendant thus far produced — the defendant having closed his case — shows that the plaintiff in this suit discounted the notes in question for $90, the face value of each note being $100. *Defendant's Counsel.* To which direction of the court the defendant takes an exception." The making and indorsement of the notes being admitted, it was the duty of the defendant to introduce evidence to establish the defense set up, namely, that there was a usurious agreement entered into between the parties at the time of the making of the notes that the plaintiff should receive the sum of $10 on each of said notes for the loan of each $100 for 30 days. The testimony of the plaintiff and also of Griger, the maker of the notes, was offered and taken for that purpose. Whether a usurious agreement was made, as alleged in the answer, was a question of fact to be determined by the jury upon the evidence, and the defendant was entitled to have the case go to the jury upon the evidence, and to have the jury pass upon it as a question of fact. The trial judge erred in directing a verdict, and in depriving the defendant of his right to have the jury pass upon the question of fact, and the exception taken by the defendant to the ruling of the court was well taken; and the judgment appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.